UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4372

ANTHONY L. OLVIS, a/k/a Tony,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, Senior District Judge.
(CR-95-38)

Submitted: April 30, 1998

Decided: May 20, 1998

Before ERVIN, NIEMEYER, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James S. Ellenson, Newport News, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Robert E. Bradenham, II, Assistant
United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anthony L. Olvis appeals his conviction for his role in a large-scale conspiracy to distribute crack cocaine including related firearm and money laundering charges. See 18 U.S.C.§§ 924(c) & 1956(a)(1)(B)(i) (1994); 21 U.S.C. §§ 841(a)(1) & 846 (1994). Olvis was convicted by a jury following a three-day trial after this court reversed the district court's previous order dismissing the indictment against Olvis. See United States v. Olvis, 97 F.3d 739 (4th Cir. 1996). In challenging his conviction, Olvis makes two related assignments of error. He claims that the district court abused its discretion in admitting evidence of Olvis's activities in relation to the conspiracy which occurred before his eighteenth birthday. Because the Federal Juvenile Delinquency Act specifically circumscribes the instances in which a juvenile may be tried as an adult, see 18 U.S.C. § 5032 (1994), Olvis argues that the admission of evidence of his pre-majority criminal activities violated Fed. R. Evid. 404(b). Olvis also advances a conclusory suggestion that the district court erred in its instruction to the jury regarding that evidence. For those reasons, he urges this court to vacate his conviction.

Even assuming that Olvis properly preserved the district court's evidentiary rulings for review on appeal, see Fed. R. Crim. P. 51, this court generally reviews the district court's decision to admit evidence of bad acts under Rule 404(b) for abuse of discretion. See Cook v. American S.S. Co., 53 F.3d 733, 742 (6th Cir. 1995); United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991). In order to abuse its discretion, a district court must either fail or refuse to exercise its discretion, or rely on an erroneous legal or factual premise in the exercise of its discretionary authority. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). Stated more succinctly, Rule 404(b) decisions are not reversed unless they are "arbitrary and irrational." United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995).

There is no evidence of an abuse of discretion in this case. Olvis has identified no erroneous legal or factual premises tainting the district court's exercise of its discretion regarding the evidence of Olvis's pre-majority activities in furtherance of the conspiracy. Olvis

2

relies entirely on <u>United States v. Spoone</u>, 741 F.2d 680, 687 (4th Cir. 1984), to support his claim of error. Our decision in that case affirmed the conspiracy conviction of a defendant who committed only one overt act in furtherance of the conspiracy after his eighteenth birthday. <u>See id.</u> The evidence at trial and the charges in the indictment identify nearly thirty overt acts in furtherance of the conspiracy after Olvis reached the age of majority. Consequently, we find no abuse of discretion in the district court's admission of evidence of acts in furtherance of the conspiracy prior to Olvis's eighteenth birthday.

In addition, the district court properly and repeatedly instructed the jury not to consider Olvis's acts before he turned eighteen as evidence of his guilt of the conspiracy charge. <u>See id.</u> As a result, we find Olvis's assignments of error on appeal to be without merit and affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3